IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES WELLING,

                Plaintiff,           Case No. 3:07 CV 859

-vs-

                                      MEMORANDUM OPINION

OWENS STATE COMMUNITY COLLEGE,
et al.,

                Defendant.

KATZ, J.

This matter is before the Court on the defendants' motions to dismiss (Doc. 8) and for summary judgment (Doc. 27). The Court heard oral arguments in this matter on December 18, 2007. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I. Background**

Plaintiff James Welling was employed by Defendant Owens Community College as its athletic director. He was terminated from that position on November 13, 2006, the proffered reasons being that he allegedly accepted $800.00 from a semi-professional athletic team for space rental on October 28 and 29, 2006, but did not submit that fee to Owens. On November 14, 2006, Defendant Cynthia Eschenberg, Associate Vice President for Human Resources at Owens, filed a police report with the Perrysburg Township Police Department in which she accused Plaintiff of stealing $800.00.

A local television report on November 14, 2006 reported that Plaintiff had been fired for embezzlement. A November 15, 2006 Toledo Blade article read that Plaintiff had been fired for accepting a secret payment. Plaintiff alleges that these media gathered the information for their

reports from Owens and Owens officials. The Perrysburg Police did not charge Plaintiff with any crime due to a lack of evidence.

Eschenberg also filed a report with the Ohio Department of Jobs and Family Services' Office of Unemployment alleging that Plaintiff was discharged for dishonesty, theft, and "possible embezzlement of $800.00 of college funds." As a result, Plaintiff was denied unemployment compensation. He contested that decision and a formal hearing was conducted on May 30, 2007. Plaintiff was represented by counsel, cross-examined two witnesses, testified himself, and did not present witnesses. Defendants approximate that around half of the hearing (73 of the 134 pages of the hearing transcript) dealt with the October 28 and 29 rental and subsequent payment issues. Unemployment Decision, *In re claim of James R. Plaintiff*, Case No. H2007-080-0058 (Ohio Unemployment Compensation Review Commission, June 19, 2007) (Doc. 28, Ex. 1).

The hearing officer issued a decision finding that Plaintiff was properly terminated, but noting that Plaintiff denied any wrong-doing. Plaintiff appealed, raising further arguments about his actions, the clearance by the police, and the defamatory actions taken by Defendants. His request for review was denied. Decision Disallowing Request for Review, *In re claim of James R. Plaintiff*, Case No. H2007-080-0058 (Ohio Unemployment Compensation Review Commission, July 31, 2007) (Doc. 28, Ex. 4). Plaintiff did not appeal the decision to state court as permitted. *Id*. He filed suit against Owens in the Ohio Court of Claims, arguing that Owens defamed him and breached his employment contract. Plaintiff filed this suit on March 22, 2007, pursuant to 42 U.S.C. § 1983, alleging a violation of due process and state law and defamation.

**II. Standards of review**

    **A. Motion to dismiss**

No complaint shall be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, (1957); *see also Pfennig v. Household Credit Servs.*, 295 F.3d 522, 525-26 (6th Cir.2002) (citing *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)). When deciding a motion brought pursuant to Fed.R.Civ.P. 12(b)(6), the inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record, and attached exhibits also may be taken into account. *Yanacos v. Lake County*, 953 F.Supp. 187, 191 (N.D.Ohio 1996). The Court's task is to determine not whether the complaining party will prevail on its claims, but whether it is entitled to offer evidence in support of those claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must accept all the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 (1984), while viewing the complaint in the light most favorable to the plaintiff. *Scheuer*, 416 U.S. at 236. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

    **B. Summary judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v.*

4

*U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**III. Discussion**

Plaintiff filed his claim before this Court, alleging a violation of 42 U.S.C. § 1983 and seeking a declaratory judgment that Defendants violated his due process rights, injunctive relief requiring a name-clearing hearing, compensatory and punitive damages, and litigation costs and attorney's fees.

Defendants argue that they are immune as state actors with regard to Plaintiff's § 1983 claim, and that Plaintiff may not bring a claim in this Court because he already filed a claim in the Court of Claims. With regard to Plaintiff's request for a name-clearing hearing, Defendants claim that such hearing would be redundant in light of the worker's compensation hearing.

**A. Name-clearing hearing**

"[A] person's good name, reputation, honor, and integrity are among the liberty interests protected by the due process clause of the Fourteenth Amendment." *Chilingirian v. Boris*, 882 F.2d 200, 205 (6th Cir. 1989); *Bessent v. Dyersburg State Community College*, 224 Fed. Appx. 476, 480 (6th Cir. 2007). Defamation alone, however, is insufficient to invoke due process

5

concerns. *See Paul v. Davis*, 424 U.S. 693, 711 (1976). "Some alteration of a right or status 'previously recognized by state law,' such as employment, must accompany damage to reputation." *Bessent*, 224 Fed. Appx. at 480, citing *Quinn v. Shirey*, 293 F.3d 315, 319 (6th Cir. 2002) (quoting *Paul*, 424 U.S. at 711-12). "A non-tenured public employee is entitled to a name-clearing hearing when he shows that he has been stigmatized by the public dissemination of false information during the decision to terminate his employment." *Bessent*, 224 Fed. Appx. at 480 (citing *Paul*, 424 U.S. at 709-10).

> Five elements must be satisfied to implicate a liberty interest in one's reputation: (1) the stigmatizing comments must be made in conjunction with the plaintiff's termination; (2) plaintiff's employer must do more than allege merely improper or inadequate performance, incompetence, neglect of duty or malfeasance; (3) the stigmatizing statements must be made public; (4) the plaintiff must claim that the statements made against her were false; and (5) the public dissemination must have been voluntary. *See Ludwig v. Bd. of Trs. of Ferris State Univ.*, 123 F.3d 404, 410 (6th Cir.1997). "Once a plaintiff has established the existence of all five elements, [she] is entitled to a name-clearing hearing if [she] requests one."

*Bessent*, 224 Fed. Appx. at 480 (citing *Quinn*, 293 F.3d at 320).

> The purpose of a "name-clearing hearing is to afford the aggrieved employee an opportunity to be heard to refute the charges disseminated against him." *Ludwig v. Bd. of Trustees*, 123 F.3d 404, 410 (6th Cir.1997). The hearing "need only provide an opportunity to clear one's name and need not comply with formal procedures to be valid." *Quinn*, 293 F.3d at 321. After all, "due process is not a technical conception with a fixed content unrelated to time, place and circumstances." *Cafeteria & Restaurant Workers v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). Rather, due process "is flexible and calls for such procedural protections as the particular situations demands." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

*Gunasekera v. Irwin*, 517 F.Supp.2d 999, 1013 (S.D. Ohio 2007).

In *Feterle v. Chowdhury*, 148 Fed.Appx. 524 (6th Cir. 2005), the Sixth Circuit affirmed the denial of a name-clearing hearing because the plaintiff had been offered several opportunities for hearings that would have satisfied the name-clearing hearing requirement. The employer

6

university offered the following opportunities which "provided [the plaintiff] with the essential elements of a name-clearing hearing – the opportunity to address the complaints against him": review by the school's Reappointment, Promotion, and Tenure Committee (RPTC); writing and presenting his case to the vice-provost and regional RPTC; providing a written statement and attending a 30-minute meeting with the provost; submitting a written response on appeal to the university's president and appeals board; and a two-day arbitration hearing at which the plaintiff presented his arguments. *Id*. at 531-32. *See also Gregory v. Hunt*, 24 F.3d 781, 788-89 (6th Cir. 1994) (finding the name-clearing hearing requirement was met where the plaintiff was allowed to speak at an informal hearing and later to submit a written response to the allegations against him).

In *Douglas v. Lexington-Fayette Urban County Government*, 2007 WL 3355481 at *5 (E.D. Ky. 2007), a court in this Circuit reached a similar conclusion. Assuming that one of the fired public employee plaintiffs had established the five prongs and requested a name-clearing hearing, the court observed that the plaintiff already received such a hearing when she appealed her termination to the Civil Service Commission, where she was represented by counsel and allowed to present and cross-examine witnesses. *See also Jenkins v. City of Russellville*, 2007 WL 3025062 at *2 (W.D. Ky. 2007) (noting that the plaintiff's "termination hearing," which the plaintiff did not attend, would have satisfied the name-hearing clearing requirement).

In *Gunasekera*, the plaintiff rejected the employer's offer of a hearing in which he could produce witnesses, submit evidence, testify, and be represented by counsel, instead demanding a public name-clearing hearing with notice circulated to the media, the right to cross-examination, an impartial moderator, and a stenographer. The court observed that "[d]isciplinary hearings against 'faculty are not criminal trials, and therefore need not take on many of those formalities,'"

7

and that such "hearings need not be open to the public." *Gunasekera*, 517 F.Supp.2d at 1014 (citing *Flaim v. Medical College of Ohio*, 418 F.3d 629, 635 (6th Cir. 2005)). The court concluded that the plaintiff had been offered sufficient due process (and beyond) and dismissed plaintiff's § 1983 claims.

In the case before this Court, Plaintiff has established the five elements of a prima facie case. The embezzlement accusations were made in conjunction with his termination. Owens alleged theft, a criminal allegation that goes beyond inadequate performance. The statements appeared in newspaper articles and on television. Plaintiff claims the allegations of embezzlement are false. The public dissemination, at least with regard to marking Plaintiff's public employment records and the allegation before the Department of Jobs and Family Services, were voluntary acts by Defendants. Further, Defendants do not dispute that Plaintiff requested a name-clearing hearing.

In such circumstances, due process requires that Plaintiff have the opportunity to redeem his reputation in a name-clearing hearing. However, the Court finds that a name-clearing hearing, in as much as its parameters can be defined, has indeed already occurred. Another name-clearing hearing would is not required by due process, as Plaintiff has already received what he now seeks in a name-clearing hearing by operation of his hearing before the Unemployment Commission. The events of October 28 and 29 were the focus of the Unemployment Commission hearing, making up a majority of the transcript and the evidence introduced. More than half of those proceedings was dedicated to the incidents of which he seeks to clear his name. At the hearing, he was granted the opportunity to be represented by counsel, appear before neutral hearing officers, submit and examine evidence on both sides, and present and cross-examine witnesses from both

8

sides. He also had the opportunity to appeal the decision to a review board, which he did, and then to the courts. Plaintiff, if deprived of a liberty interest in the sullying of his reputation by Defendants, is entitled to one name-clearing hearing, a singular bite at the apple that Plaintiff has already had. The Court will not sacrifice efficiency, economy, and fairness and double up on the process due Plaintiff.

### B. Immunity and waiver

The parties have raised two additional issues which this Court finds unnecessary to address. The first is the issue of state actor immunity pursuant to 42 U.S.C. § 1983 and *Hall v. Medical College of Ohio*, 742 F.2d 299, 301 (6th Cir. 1984). The parties dispute whether Defendants are properly considered state actors entitled to immunity. The second issue is waiver by operation of a parallel case in the Court of Claims, pursuant to Ohio Rev. Code § 2743.02(A) and *Leaman v. Ohio Dept. of Mental Retardation & Development Disabilities*, 825 F.2d 946 (6th Cir. 1987), an issue previously addressed by this Court, but incompatible rulings on which remain unresolved between the Ohio Supreme Court and the Sixth Circuit. *See Wrinn v. Johnson*, 2007 WL 2331932, 2007 U.S. Dist. LEXIS 59002 (N.D. Ohio 2007). Having found that Plaintiff was not improperly denied a name-hearing clearing, and that alleged denial being the basis of Plaintiff's federal case, the Court dismisses all of his claims against Defendants as they stand before this Court. It is therefore unnecessary to consider whether Defendants were also immune or the matter was waived by operation of the Court of Claims Act.

## IV. Conclusion

For the reasons discussed herein, Defendants' motions for dismissal (Doc. 8) and summary judgment (Doc. 27) are hereby granted. Case dismissed.

IT IS SO ORDERED.

                                                s/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE